# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 09-150V
### Filed: March 8, 2013

* * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| VALERIE SOTO, as parent | * | |
| and natural guardian of | * | |
| Y.D., a minor, | * | |
| | * | |
| Petitioner, | * | Failure to Prosecute; Failure to |
| | * | Follow Court Orders; Dismissal |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * *

Lorraine J. Mansfield, Esq., Las Vegas, NV, for petitioner.
Lisa A. Watts, Esq., U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

**Vowell,** Special Master:

On March 10, 2009, Valerie Soto ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"], on behalf of her minor child, Y.D. Petitioner alleges that Y.D. suffered a "Table" encephalopathy[3] and subsequent seizure disorder and leg injury as a result of receiving a measles, mumps, and rubella ["MMR"] vaccine

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] The Vaccine Injury Table is found at 42 C.F.R. § 100.3(a). Section 100.3(b)(2) contains the criteria for a Table encephalopathy.

on March 13, 2006.  Petition at 1-2.

On June 22, 2010, petitioner filed the expert report of Dr. Martha Grout.  On September 10, 2010, respondent filed her Rule 4 report ["Respondent's Report"] and the expert report of Dr. Gerald Raymond [Respondent's Exhibit A].  In her Rule 4 report, respondent challenged petitioner's theory of causation and the opinion of Dr. Grout.  With regard to petitioner's theory of causation, respondent argued that the contemporaneous medical records do not support the allegation that Y.D. suffered an acute encephalopathy within 72 hours after vaccination.  Respondent's Report at 9-10.  Concerning Dr. Grout's expert report, respondent noted Dr. Grout's apparent specialization in holistic and homeopathic medicine and offered in response the expert report of Dr. Raymond, a specialist in pediatric neurology and clinical genetics.  *Id.* at 13-14.  In his report, Dr. Raymond challenged the factual and medical underpinnings of Dr. Grout's opinion.  Respondent's Exhibit A, p. 5.

On December 3, 2010, the special master then assigned to this case ordered petitioner to file a report from Dr. Grout responding to respondent's Rule 4 and expert reports.  Thereafter, petitioner requested and was granted four extensions of time to file Dr. Grout's response.[4]  On July 28, 2011, following a fifth request for additional time, the previous special master issued an order in which he acknowledged respondent's contention of a mismatch between petitioner's affidavit and the contemporaneous medical records, specifically with regard to petitioner's allegation of an acute reaction following vaccination.  Additionally, the special master asked whether petitioner's experts could provide a supportive medical opinion based on the contemporaneous medical records.  Ultimately, he ordered petitioner to file a status report by August 11, 2011, indicating whether the factual information is critical to her expert's opinions on causation.

On August 11, 2011, petitioner filed a status report stating that Dr. Grout had not responded to the special master's question.  Petitioner reported, however, that her other expert, Dr. Ellen Arch, stated that "[i]f there was no acute decline, and no evidence of acidosis, hypoglycemia, etc. then I doubt the vaccinations were the cause."

On September 6, 2011, the previous special master issued an order setting a date and location for a fact hearing.  A hearing was held on November 3, 2011, in Las Vegas, Nevada.  Thereafter, a status conference was held on January 31, 2012, during which the parties agreed that the factual record was complete.  The special master then informed the parties that his fact ruling would be consistent with the facts set forth in the contemporaneous medical records.  On February 1, 2012, the special master ordered petitioner to file an expert report premised on the facts set forth in the medical records or a status report regarding her progress in obtaining an expert report.

---

[4] Petitioner's first four requests were granted on January 18, 2011, February 16, 2011, March 22, 2011, and April 21, 2011.

On July 19, 2012, the previous special master issued a Factual Ruling in which he found that the factual predicate underling Dr. Grout's previously-filed expert report was incorrect. Factual Ruling at 5. Specifically, he found that Y.D. had not suffered seizures dating from March 13, 2006. *Id.* He added that "petitioner must either dismiss this case for lack of proof, or . . . provide an opinion from a qualified doctor which discusses the medical records and how the information in the medical records supports petitioner's allegation that the March 13, 2006 immunization caused-in-fact [Y.D.'s] medical condition." *Id.*

This case was reassigned to me on September 27, 2012. On October 1, 2012, I ordered petitioner to file a status report by November 1, 2012, updating the court on whether she would file an expert report. On October 31, 2012, I extended petitioner's deadline to file a status report to November 16, 2012. On November 14, 2012, petitioner filed a status report stating that she "anticipates filing no supplemental expert report."

On January 29, 2013, I issued an order directing petitioner to "file an expert report supporting her theory of causation and comporting with the previous special master's fact ruling, or otherwise show cause for why [her] case should not be dismissed for failure to prosecute by no later than Friday, March 1, 2013." On Mach 1, 2013, petitioner filed a status report in which she again stated that she "anticipates filing no additional expert report."

Over two years and three months have passed since the previous special master ordered petitioner to file an expert report responding to respondent's Rule 4 and expert reports. To date, petitioner has not filed an expert report. Moreover, she states that no expert report is forthcoming. **Accordingly, this case is dismissed for failure to prosecute. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/Denise K. Vowell**</u>
**Denise K. Vowell**
Special Master

3